```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
                                              ORDER
          -against-                           14-CR-0264-12 (JS)

KWAME LAKE,

                    Defendant.
----------------------------------X
APPEARANCES
For United States:   Christopher C. Caffarone, Esq.
                     Nicole Boeckmann, Esq.
                     Madeline M. O'Connor, Esq.
                     Michael R. Maffei, Esq.
                     United States Attorney's Office
                     Eastern District of New York
                     610 Federal Plaza
                     Central Islip, New York 11722

For Defendant:       Kwame Lake, pro se
                     14-A-3396
                     Sing Sing Correctional Facility
                     354 Hunter Street
                     Ossining, New York 10562
```

SEYBERT, District Judge:

On December 10, 2020, the Court received Defendant Kwame Lake's ("Defendant") "Motion for a Combined Order" pursuant to 18 U.S.C. § 3584(a) and Federal Rules of Criminal Procedure 7(a) and (b)(1). (Mot., ECF No. 681; Def. Aff., ECF No. 682.) For the reasons set forth below, the motion is DENIED without prejudice.

On October 19, 2016, the Court sentenced Defendant to a term of 60 months' incarceration, to run consecutively to any undischarged state term, followed by 5 years' supervised release. (Min. Entry, ECF No. 375; Sent'g J., ECF No. 377.) Through his

1

motion and supporting papers, Defendant represents that he is set to begin his federal term of incarceration in December 2020 and asks the Court to issue:

> [A] recommendation for the BOP or Attorney General to consider under the current Public Health Emergency crisis . . . the [D]efendant's prison time served in the State of New York, Department of Corrections and Community Supervision, until a specified period of time was to be served . . . as federal pre-sentence time served 'in custody' in accordance to 18 U.S.C. § 3584(a), due to the enforceable Covid 19, virus spread that has even reached into the federal prison systems . . . . Or, in the alternative, . . . . granting a Reduction of the[] imposed sentence against the defendant upon determining his completion of all . . . . federal recommended programs . . . . Or, in the alternative, . . . . a "temporary" suspension of [Defendant's] imposed sentence of 60 months while allowing the Defendant during the Covid 19 virus pandemic to be early released from prison to remain at liberty on house arrest  . . . until the pandemic has been by the government declared ended.

(Def. Aff. at 2-3.)  The Court construes the motion as requesting: (1) to receive credit towards Defendant's federal sentence for the time served in state custody (Def. Aff. at 4) and/or for the fifteen months' he was detained in the Metropolitan Detention Center (id. at 4-5, 8-9); or, in the alternative, (2) a suspension of his federal sentence due to the spread of COVID-19 among the federal prison population (id. at 5-7).

First, Defendant's request for time served credit is not yet ripe for this Court's review because it is not clear that

2

Defendant began his federal sentence and "[a]n inmate's sentence is not officially calculated until the inmate is transferred to an institution designated by the BOP." Dutton v. U.S. Attorney Gen., 713 F. Supp. 2d 194, 205 (W.D.N.Y. 2010). Second, "Defendant is required to 'exhaust administrative remedies prior to seeking relief in the district court for sentencing credit.'" United States v. Harrison, No. 09-CR-0765, 2013 WL 2096602, at *1 (S.D.N.Y. May 13, 2013) (quoting United States v. Martinez, 19 F.3d 97, 99 (2d Cir. 1994)). The Court is thus "without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review." Id. (quoting United States v. Whaley, 148 F.3d 205, 207 (2d Cir. 1998)); see also Dutton, 713 F. Supp. 2d at 206 (stating that the defendant must first "apply to the BOP and exhaust his administrative remedies before that agency," and that "[i]f defendant is dissatisfied with this administrative determination of credit for time served, his judicial remedy is by writ of habeas corpus pursuant to 28 U.S.C. § 2241"). Therefore, Defendant's request that the Court issue a recommendation to the BOP regarding the calculation of time served is DENIED without prejudice.

Third, the Court also considers whether Defendant seeks "compassionate release" from federal custody due to the COVID-19 pandemic pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). A defendant seeking compassionate release must first make his

3

request to the BOP, which is provided a 30-day window within which to act; only if the request is denied or the 30-day period has expired without the BOP acting may a defendant then seek relief from the Court.  See United States v. Woodson, 452 F. Supp. 3d 31, 34 (S.D.N.Y. 2020) (declining to waive statutorily mandated exhaustion requirement of the First Step Act in denying, without prejudice, request for compassionate relief based upon concerns regarding COVID-19); see also id. at 36 (collecting cases where courts denied compassionate release requests because prisoners had not first sought relief from the BOP).  Here, there is no evidence that Defendant first made his compassionate release request to the warden, or otherwise began the process of seeking administrative relief, as is statutorily required.  In the absence of such evidence showing compliance with the First Step Act, Defendant's Motion for compassionate release, to the extent it is requested, is DENIED without prejudice.

Accordingly, Defendant's motion is DENIED without prejudice to renew if he can provide proof that he has fully exhausted his BOP administrative remedies.  Further, as it relates to a renewed request for compassionate release, if Defendant submits a request to the prison warden, but does not receive a decision within the 30-day time-period the BOP has to act, Defendant may then properly seek judicial relief, which should include evidence of complying with the First Step Act's mandatory

4

administrative exhaustion requirement.

The Government is directed to serve a copy of this Order to the pro se Defendant and file proof of service to the docket forthwith.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  17 , 2020
       Central Islip, New York

5